WILLIAM R. McNAIR, Assignee, etc., Respondent, *v.* THE NATIONAL LIFE INSURANCE COMPANY OF THE UNITED STATES OF AMERICA, Appellant.

*Action upon a policy of insurance — Declaration by doctor as to cause of death — admissibility of.*

This action was brought to recover upon a policy of insurance, issued by the defendant upon the life of the son of the plaintiff's assignor, for her benefit. In the application for insurance, signed by the son and plaintiff's assignor, in answer to a question as to the cause of his father's death, he stated " don't know." Upon the trial it was claimed by the defendant that the father died of consumption and that this fact was known to the plaintiff's assignor. Upon the examination of the plaintiff's assignor she was questioned as to the disease by which her husband· died, and answered: "The doctors called it torpor of the liver and disease of the stomach and heart." It appeared that both of the physicians who had attended the husband were dead at the time of the trial. The defendant claimed that the evidence as to the statements of the doctors was inadmissible, as being mere hearsay.

*Held,* that the evidence was admissible as bearing upon the question of fact, whether or not the witness knew the disease with which her husband was afflicted and of which he died.

That the declaration was also admissible, as having been made by the doctors in the ordinary discharge of their professional duties.

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee. The plaintiff sues as the assignee for the benefit of the creditors of Chauncey W. Gibson, the assignee of Mary Marsh, the party for whose benefit the policy of insurance, to recover on which this action was brought, was issued on the life of her son Charles H. Marsh.

*James Wood,* for the appellant.

*E. A. Nash,* for the respondent.

Talcott, J. :

This is an appeal from a judgment entered on the report of a referee in favor of the plaintiff.

The action is upon a policy of life insurance, issued in April, 1869, to Mary Marsh, of Avon, Livingston county, insuring the life

of her son, Charles H. Marsh, of the same place, for the sum of $5,000. The appellant calls our attention to but one exception to the referee's ruling as to the admission of evidence, which arose as follows : The application for the policy was signed by Charles H. Marsh, the person whose life was insured, and by the assured, Mary Marsh. Among other questions and answers contained in that application, the applicant was asked the cause of his father's death, to which he had answered, " Don't know." On the examination of Mrs. Mary Marsh, as a witness in the cause, it appeared that the husband had employed, at different times, two regular medical attendants, Dr..Salisbury, who attended him when ill until he (the doctor) died, and afterward Dr. Caton, who continued to attend Mrs. Marsh's husband until his (the husband's) decease. It was claimed on the part of the defendant, and evidence had been given tending to establish the fact, that Charles Marsh, the husband of Mary Marsh, and the father of Charles Henry Marsh, who signed the application in behalf of his mother, had died from pulmonary consumption in or about the year 1859, and that Charles Henry was about at home when his father died, and that Mrs. Mary Marsh, the assured, was in attendance upon her husband previous to and at his death. And among other things, the counsel for the defendant had asked one Dr. Nesbitt, who testified that he had been called in consultation previous to the death of Charles Marsh, the following question, " Was it understood and stated in the family with what disease Charles Marsh was afflicted ? " To this question the counsel for the plaintiff objected. The objection was, however, overruled by the referee, and the witness answered, " It was said in the presence of the whole family, again and again, that the disease was consumption."

On the examination of Mrs. Marsh after she had detailed some of the symptoms of her husband's disease, she was asked of what disease her husband died ; to which she answered, " The doctors called it torpor of the liver, and disease of the stomach and heart." The counsel for the defendant then objected to the witness testifying to the declaration of physicians as incompetent. The objection was overruled, and the defendant excepted. Other testimony of the same character was taken under exception ; the ground of the objection being, as stated in the case, that " such proof must be

made by the physicians themselves." Mrs. Marsh had stated that Drs. Salisbury and Caton were the physicians of her husband, and seemed to be ignorant that Dr. Nesbitt had ever been called to visit him ; and it had been shown that both Dr. Salisbury and Dr. Caton had died before the trial. These objections were overruled.

And among other things the witness stated, in substance, that she had asked both Dr. Salisbury and Dr. Caton, while in attendance upon her husband professionally, if her husband had consumption or lung trouble, and they told her he had not.

The counsel for the defendant on this appeal insists that the evidence was inadmissible, as mere hearsay. We think the evidence was competent.

First. As bearing upon the question of fact, whether the witness did know with what disease her husband was in fact afflicted and of which he died. Of course, in order to prove her statement untrue, the defendant must show that she did know the precise disease of which her husband died, as the referee well remarks, "amid the conflict of opinion of medical men," there was afforded ample justification for a layman to say, he did not know the disease of which Charles Marsh died. Laymen can only form conclusions as to what disease caused the death of a person, in general, by the announcement of the physicians in attendance, and where these are vague or uncertain or conflicting, the only safe way for an applicant for insurance is to state his ignorance of the fact, as, if he should undertake to state precisely, what had caused the death, he might attribute it erroneously, or at all events, give rise to controversies such as this case discloses. Besides, the declarations of physicians while in attendance upon a patient are in some sense a part of the *res gestæ*. Stephens, in his recent work on the Law of Evidence, lays down as an established rule of evidence, a proposition under which the declarations of physicians as to what disease afflicts a patient are admissible. He says : "A declaration is relevant when it was made by the declarant in the ordinary course of business, or in the *discharge of a professional duty* at or near the time when the matter stated occurred, and of his own knowledge. Such declarations are irrelevant, except so far as they relate to the matter which the declarant stated in the ordinary course of his business or duty." (Stevens on Ev., art. 27, p. 33.)

Of course the declarations of Salisbury and Caton to Mrs. Marsh, of their opinion as to the nature of the disease which afflicted her husband, were declarations in the ordinary line of their professional duty, and as such, receivable in evidence to establish the fact, that they entertained such opinions as they stated.

This is all the exception in relation to the rulings upon the admissibility of evidence to which our attention has been called. As to the general merits of the case, we adopt the opinion of the learned referee, and must affirm the judgment.

Judgment affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.